IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1) DANIELA YATES,                        )
                                          )
    Plaintiff,                            )
                                          )   Case No. 15-cv-022-CVE-TLW
v.                                        )
                                          )   ATTORNY LIEN CLAIMED
(1) GOLDEN RULE INSURANCE                 )
COMPANY, A Foreign Corporation,           )   JURY TRIAL DEMANDED
                                          )
    Defendant.                            )

## COMPLAINT

**COMES NOW** the Plaintiff, Daniela Yates, and for her causes of action against the Defendant, states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of the State of Oklahoma and resides in Tulsa County, Oklahoma, in this judicial district.

2. Defendant Golden Rule Insurance Company ("GR"), is a foreign corporation doing business in Oklahoma with substantial ties to this judicial district.

3. The acts, occurrences and omissions complained of herein occurred in Tulsa, County, Oklahoma, within this judicial district.

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds $75,000.00 and is between citizens of different States.

5. Venue is appropriate in the Northern District under 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## STATEMENT OF FACTS

6. Paragraphs 1-5 are incorporated herein by reference.

7. At all times relevant to the acts and omissions alleged herein, Plaintiff maintained insurance under an insurance contract with Defendant GR, providing for health insurance benefits and coverage. Specifically, Plaintiff was insured under a policy with Defendant under policy number G27CPY2012, effective June 21, 2013.

8. While insured under said contract, Plaintiff was diagnosed with Hodgkin Lymphoma in July of 2013. As a result, Plaintiff's health care providers suggested a course of treatment including, among other things, chemotherapy. Plaintiff and her health care providers submitted claims for this treatment under the aforementioned contract/policy.

9. Defendant unilaterally denied Plaintiff's claim on August 30, 2013, asserting that her diagnosis with Hodgkin Lymphoma was a pre-existing condition.

10. Plaintiff exhausted her appellate remedies with Defendant.

11. Plaintiff relied on Defendant to properly handle the claim and make payment pursuant to the coverage afforded under the insurance policy in a timely fashion. Plaintiff has met all of the conditions precedent for payment of claims under said insurance policy.

12. Defendant unreasonably failed and refused to pay the benefits under the insurance policy. As a result of Defendant's actions, Plaintiff has sustained significant damages.

## CAUSES OF ACTION

### COUNT 1:  BREACH OF CONTRACT

13. Paragraphs 1-12 are incorporated herein by reference.

14. At the time of Plaintiff's diagnosis with Hodgkin Lymphoma, Plaintiff was insured under a health insurance policy with Defendant.

15. Plaintiff paid consideration to Defendant under said contract.

16. Plaintiff has performed all conditions precedent under the policy.

17. That Defendant has breached its contract of insurance and has wholly refused or neglected to pay benefits for Plaintiff toward her treatment for Hodgkin Lymphoma.  Said failure constitutes a breach of contract of said insurance policy and the Plaintiff is entitled to judgment against Defendant for the personal injuries sustained while covered by said contract.

### COUNT 2:  BAD FAITH

18. Paragraphs 1-17 are incorporated herein by reference.

19. There was in effect at the time of Plaintiff's diagnosis with Hodgkin Lymphoma a policy of health insurance with Defendant with respect to Plaintiff.

20. In its handling of Plaintiff's claim for benefits under the insurance policy, and as a matter of routine practice in handling similar claims, Defendant breached its duty to deal fairly and in good faith towards Plaintiff and others in the following respects:

a. Failing to authorize and pay the insurance benefits Plaintiff was entitled to under the policy at the time when Defendant knew that Plaintiff was entitled to those benefits;

b. Refusing to honor Plaintiff's claim without a legitimate, arguable reason and wholly lacking any evidence or support for its refusal;

c. Refusing to pay Plaintiff's claim for reasons contrary to the express provisions of the law;

d. Intentionally and recklessly misapplying the provisions of the insurance policy;

e. Using its unequal wealth and bargaining position to overwhelm and take advantage of the Plaintiff and to effect an economic gain for the Defendant by not paying an amount that it owed by virtue of the insurance contract;

f. Failing to properly investigate the Plaintiff's claims for benefits;

g. Failing to properly evaluate the investigation that was done on Plaintiff's claim for benefits;

h. Failing to comply with industry standards;

i. Failing to adopt and implement reasonable standards for the prompt investigation and handling of claims arising under the policies including the claims of the Plaintiff; and

j. Failing to attempt to act in good faith to effectuate a prompt, fair settlement for the Plaintiff's claims.

21. As a direct result of Defendant's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered the loss of the insurance policy benefits, mental and emotional distress, anxiety, embarrassment, medical expenses and financial hardship.

22. Plaintiff has retained an attorney to prosecute this action and is thus entitled to reasonable attorney fees as well as the costs expended in pursuit of this litigation.

23. Defendants have acted intentionally, maliciously and in reckless disregard for the rights of the Plaintiff. As a result, the Plaintiff is entitled to recover punitive damages against the Defendant for these actions.

WHEREFORE, Plaintiff prays this Court enter judgment against the Defendant, and grant her the relief sought including, but not limited to, actual damages and punitive damages in excess of seventy-five thousand dollars ($75,000.00), costs, pre-judgment interest, attorney's fees, post-judgment interest and all other relief deemed appropriate by this Court.

Respectfully submitted,

SMOLEN, SMOLEN & ROYTMAN, PLLC

_____
Donald E. Smolen, II, OBA # 19944
Laura M. Lauth, OBA #22619
Kathleen M. Egan, OBA #32154
701 S. Cincinnati Ave.
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 – fax
*Attorney for Plaintiff*

5